ON SUPERVISORY WRITS TO THE FIRST JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO PER CURIAM: |, Denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator also fails to show the state withheld material exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and. this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam. CRICHTON, j, would grant in part and assigns reasons. Crichton, J., would grant in part and assigns reasons hi would grant defendant’s application to remand to the district court to conduct a post-conviction evidentiary hearing on defendant’s claim of ineffective assistance of counsel. Defendant, who has always maintained the sexual activity was consensual, was found guilty of forcible, rape after a bench trial based largely on the testimony of his accuser. While the testimony of a sexual assault victim, alone is generally sufficient to support a conviction, see, e.g., State v. Rives, 407 So.2d 1195, 1197 (La. 1981), the victim’s statements here contained numerous inconsistencies and unusual features that were not explored through cross-examination. At a minimum, I believe defendant has presented a color-able claim of ineffective assistance that merits evidential^ development rather than summary denial. See La.C.Cr.P. art. 930(A).